IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

EBONY L. FINDLEY
next friend to T. P.;
CHARISSE A. BROWN,
next friend to T. K. P.;

    Plaintiffs,

v.

HUNTER SOULE,
in his individual capacity;
JAMIE WELSH,
in his individual capacity;
CITY OF INDEPENDENCE,
MISSOURI

    Defendants.

## COMPLAINT

Plaintiffs Charisse A. Brown and Ebony L. Findley alleges the following against Defendants.

## INTRODUCTION

*"And somebody yells 'gun.' And I don't know why, I thought it was one of our guys securing the weapon. I thought he was knocked out[1].*

---

[1] Statement Officer Christopher Walker made to the Missouri Highway Patrol Investigator on March 11, 2022, after the shooting death of Tyrea M. Pryor, Sr.

1.

On March 11, 2022, Tyrea M. Pryor, Sr., a 39-year-old black man, was shot and killed by Hunter Soule (hereinafter "Defendant Soule") and Jamie Welsh (hereinafter "Defendant Welsh"), police officers with the Independence Police Department (IPD) in Jackson County, Missouri. Tyrea was shot approximately 15 times while he was unarmed, defenseless and trapped in a wrecked vehicle.



2.

The Plaintiff brings federal constitutional claims against Defendants Soule and Welsh, in their individual capacities, for committing acts under color of law that deprived Tyrea M. Pryor, Sr of his life and rights under the Constitution and the laws of the State of Missouri by using unlawful and deadly force against Tyrea M. Pryor, Sr; whereby, Tyrea M. Pryor, Sr was unarmed and posing no threat to law

enforcement or others. Further, the Plaintiffs brings state law claims of Wrongful Death, Survival, Battery, Assault, Negligence against Defendants Soule, Welsh and the City of Independence, Missouri.

## PARTIES

3.

Charisse A. Brown and Ebony L. Findley are the biological mothers of the children of Tyrea M. Pryor, Sr and are both Missouri residents.

4.

Hunter Soule and Jamie Welsh are sworn and commissioned law enforcement officers in the State of Missouri who are employed by the City of Independence, Missouri. The individual defendants are sued in their individual capacities.

5.

The City of Independence, Missouri is a municipality established under the laws of the State of Missouri.

## JURISDICTION AND VENUE

6.

Jurisdiction over this claim is provided to this Court under 28 U.S.C. §§ 1343 and 1331. Further, this Court has jurisdiction under 28 U.S.C. § 1367 to hear Plaintiffs' state law claims in that all claims made herein are so related to each other

that they form part of the same case or controversy under Article III of the United States Constitution.

7.

The Court has jurisdiction over Defendants because the unlawful acts alleged in this complaint were committed in Jackson County, Missouri, which lies in the Western District of Missouri. In addition, Defendants have minimum contacts in the Western District of Missouri.

8.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Jackson County, Missouri which lies in the Western District of Missouri.

FACTUAL ALLEGATIONS
*Events That Occurred on March 11, 2022.*

9.

On March 11, 2022, at approximately 7:59 p.m., Tyrea M. Pryor, Sr (hereinafter "Tyrea") collided with a vehicle at the intersection of Noland Road and Independence Avenue in the City of Independence, Missouri.

10.

As a result of the collision, both vehicles sustained significant body damage. Additionally, all occupants of both vehicles were injured. Specifically, Tyrea

sustained significant injuries to his lower extremities and was pinned in the driver's seat of the vehicle he was operating. Tyrea was unable to extricate himself from the vehicle due to his injuries and being pinned between the vehicle's driver's seat and steering column.



Photo of the driver's seat of the vehicle Tyrea was operating on the night of the incident

11.

Due to a brief pursuant by IPD of the vehicle Tyrea was operating just prior to the collision, almost immediately after the collision members of the IPD arrived on scene.

12.

Upon the arrival of member of the IPD to the crash scene, an ambulatory backseat passenger from the vehicle Tyrea was operating was removed from the vehicle with the assistance of an IPD officer. Upon members of the IPD's encounter

with Tyrea at scene, Tyrea appeared to be moaning from agonizing pain with noticeable significant lower body injuries and was trapped in the driver's seat of vehicle. According to Officer Steele of the IDP, he could tell the driver was "messed up" from the accident. Additionally, a front seat passenger of the vehicle Tyrea was operating appeared to have suffered a lower body extremity injury and was non ambulatory.

13.

According to statements Officer Steele made to the Missouri State Highway Patrol Investigator on March 11, 2022, he decided to get in the backseat to aid Tyrea. While assessing Tyrea, Officer Steele said he saw a "silver assault rifle." Officer Steele later described the rifle as an AR-15 style, with a stock, and a 30-round magazine. Officer Steele said he attempted to "secure the firearm," but it was stuck, so he stopped. (While describing his attempt to secure the firearm, Officer Steele made a motion with both of his hands as if he were grabbing an item, with an overhand grip, and pulling it toward himself.) He then heard someone on the exterior of the car say, "He's reaching again, he's reaching again." and someone else say, "He's got a gun. He's got a gun." Officer Steele described, while he was still in the back seat, "rounds come inside this car." He said he took cover in the back seat and was eventually able to "crawl" out the back door.

14.

Defendants Soule and Welsh fired their service weapons in a disabled vehicle mutilating a severely injured, incapacitated, unarmed and trapped Tyrea.

15.

As a result of being shot by Defendants Soule and Welsh approximately 15 times, Tyrea died at the scene. Tyrea was 39 years old at the time of his death.

16.

At all times relevant, Defendants Soule and Welsh, were acting under color of state law and scope of his employment as a law enforcement officer employed by City of Independence, Missouri.

CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF

42 U.S.C. § 1983 – (Excessive Force in Violation of the Fourth Amendment
Wrongful Death)
(Against Defendants Soule and Jamie Welsh)

17.

Plaintiffs realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 16 of this Complaint.

18.

42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia

subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

19.

Defendants Soule and Welsh are persons for purposes of 42 U.S.C. § 1983.

20.

Defendants Soule and Welsh, at all times relevant hereto, were acting under the color of state law in his capacity as a police officer for the City of Independence, Missouri, and their acts or omissions were conducted within the scope of his official duties or employment.

21.

At the time of the complained of events, Tyrea had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

22.

Tyrea also had the clearly established Constitutional right under the Fourth Amendment to bodily integrity and to be free from excessive force by law enforcement.

23.

Any reasonable law enforcement officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

24.

Defendants Soule and Welsh's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment rights of Tyrea.

25.

Defendants Soule and Welsh's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Tyrea's federally protected rights. The force used by Defendant Doe shocks the conscience and violated the Fourth Amendment rights of Tyrea.

26.

Defendants Soule and Welsh unlawfully seized Tyrea by means of objectively unreasonable, excessive and conscious shocking physical force. The force used was deadly force and did cause the death of Tyrea.

27.

Defendants Soule and Welsh engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Tyrea's protected constitutional rights.

28.

Defendants Soule and Welsh did so with shocking and willful indifference to Tyrea's rights and with conscious awareness that it could cause Tyrea severe bodily harm or death.

29.

The acts or omissions of Defendants Soule and Welsh were the moving forces behind Tyrea's death. The acts or omissions of Defendants Soule and Welsh as described herein intentionally deprived Tyrea of his constitutional rights and caused him other damages. Defendants Soule and Welsh are not entitled to qualified immunity for their actions.

30.

As a proximate result of Defendants Soule and Welsh's unlawful conduct, Tyrea was killed. As a further result of Defendants Soule and Welsh's unlawful conduct, Tyrea has incurred special damages, including medical expenses and other special damages related expenses, in amounts to be established at trial.

31.

On information and belief, Tyrea suffered lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. The Plaintiffs are further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

32.

In addition to compensatory, economic, consequential, and special damages, the Plaintiffs are entitled to punitive damages against Defendants Soule and Welsh under 42 U.S.C. § 1983, in that the actions of Defendants Soule and Welsh have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Tyrea.

SECOND CLAIM FOR RELIEF
(Wrongful death pursuant to § 537.080, RSMo)
(All Defendants)

33.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 16 of this Complaint.

34.

On March 11, 2022, Defendants Soule and Welsh were employees and uniformed officer with the City of Independence, Missouri, who committed a battery when they discharged their weapons with the intent to strike Tyrea that resulted in the untimely and unlawful death of Tyrea.

35.

The aforementioned act of discharging his weapon at Tyrea, was intentional and deliberate. Defendants Soule and Welsh's acts were carried out in bad faith and with malicious intent to harm Tyrea. As a direct and proximate result of their acts, Tyrea was killed.

36.

Defendants Soule and Welsh's intentional acts and omissions constitute proximate causes of the incident which resulted in injuries to and the death of Tyrea, which the Plaintiffs are entitled to recover damages under the Missouri's Wrongful Death Statute, pursuant to § 537.080, RSMo, as more particularly described herein.

37.

At the time of the complained of incident, Defendants Soule and Welsh were acting within the scope of his employment with the City of Independence, Missouri. At the time Defendants Soule and Welsh committed the acts described herein, he was acting within the course and scope of his employment with the City of

Independence, Missouri. As such, City of Independence, Missouri is liable for the intentional acts of Defendants Soule and Welsh. Therefore, the intentional acts of Defendants Soule and Welsh are imputed to the City of Independence, Missouri through the doctrines of agency, vicarious liability and respondeat superior.

38.

At the time of the complained of incident, the City of Independence, Missouri a political subdivision, purchased liability insurance to cover tort claims such as alleged in this action, in the amount of and for the purposes covered by the insurance purchased pursuant to Mo. Rev. Stat. § 537.610.1. Thus, the City of Independence, Missouri waived its sovereign immunity.

39.

WHEREFORE, Plaintiffs prays for the following relief:

1. Judgment for compensatory damages;
2. Judgment for exemplary or punitive damages against Defendants Soule and Welsh;
3. Cost of suit;
4. The value of support and services the deceased person had provided to the surviving family member;
5. Loss of companionship, guidance, and protection provided by the deceased person;

6. Mental and emotional pain and suffering due to the loss of a child, and medical or funeral expenses any surviving family member has paid for the deceased person;

7. The Plaintiffs may also recover certain types of damages.

these include:

lost wages, benefits, and other earnings, including the value of lost earnings that the deceased person could reasonably have been expected to make if he or she had lived

lost "prospective net accumulations" of the estate, or the value of earnings the estate could reasonably have been expected to collect if the deceased person had lived, and medical and funeral expenses pursuant to Mo. Rev. Stat. § 537.020.

Such other relief as this Honorable Court may deem just and appropriate.

THIRD CLAIM FOR RELIEF
(Wrongful Death Negligence/ Gross Negligence)
(All Defendants)
(Plead in the Alternative Pursuant to Federal Rule of Civil Procedure 8(d)(2).)

40.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 16 of this Complaint.

41.

Defendants Soule and Welsh owed a duty to Tyrea and to the general public, to perform their duties in such a way as to avoid placing Tyrea and other members of the public in unreasonable danger of serious injury or death. Furthermore, all Defendants owed a duty to ensure that Tyrea and other members of the public would be free from excessive force/unlawful force.

42.

Defendants Soule and Welsh breached their duty by shooting and killing Tyrea even though he posed no threat to Defendants Soule and Welsh or others.

43.

Specifically, Defendants Soule and Welsh fired their service weapons in a disabled vehicle mutilating a severely injured, incapacitated, unarmed and trapped Tyrea. Tyrea posed no threat to Defendants Soule and Welsh or others at the time he was shot and killed.

44.

Defendants Soule and Welsh's negligent acts and omissions constitute proximate causes of the incident which resulted in injuries to and the death of Tyrea which the Plaintiff are entitled to recover damages under the Missouri Wrongful Death Statute.

45.

At the time of the complained of incident, Defendants Soule and Welsh were acting within the scope of his employment with the City of Independence, Missouri. At the time Defendants Soule and Welsh committed the acts described herein, he was acting within the course and scope of his employment with the City of Independence, Missouri. As such, City of Independence, Missouri is liable for the intentional acts of Defendants Soule and Welsh. Therefore, the intentional acts of Defendants Soule and Welsh are imputed to the City of Independence, Missouri through the doctrines of agency, vicarious liability and respondeat superior.

46.

At the time of the complained of incident, the City of Independence, Missouri a political subdivision, purchased liability insurance to cover tort claims such as alleged in this action, in the amount of and for the purposes covered by the insurance purchased pursuant to Mo. Rev. Stat. § 537.610.1. Thus, the City of Independence, Missouri waived its sovereign immunity.

47.

WHEREFORE, Plaintiffs prays for the following relief:

1. Judgment for compensatory damages;
2. Judgment for exemplary or punitive damages against Defendants Soule and Welsh;

3. Cost of suit;

4. The value of support and services the deceased person had provided to the surviving family member;

5. Loss of companionship, guidance, and protection provided by the deceased person;

6. Mental and emotional pain and suffering due to the loss of a child, and medical or funeral expenses any surviving family member has paid for the deceased person;

7. The Plaintiffs may also recover certain types of damages.

these include:

lost wages, benefits, and other earnings, including the value of lost earnings that the deceased person could reasonably have been expected to make if he or she had lived lost "prospective net accumulations" of the estate, or the value of earnings the estate could reasonably have been expected to collect if the deceased person had lived, and medical and funeral expenses pursuant to Mo. Rev. Stat. § 537.020.

## PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiffs and against each of the Defendants and grant:

1. compensatory and consequential damages, including damages for emotional

distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to exceed Twenty-Five Million (25) Millions Dollars;

2. economic losses on all claims allowed by law;

3. special damages in an amount to be determined at trial;

4. punitive damages/exemplary damages on all claims allowed by law against Defendants Soule and Welsh in an amount to be determine by the jury;

5. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

6. pre- and post-judgment interest at the lawful rate; and,

7. any further relief that this court deems just and proper, and any other appropriate relief a law and equity.

PLAINTIFF REQUESTS A TRIAL BY JURY.

Respectfully submitted this 11th day of May 2023.

                                     A. DuPree & Associates, LLC

                                        /s/ Arimeta R. DuPree
                                        Arimeta R. Dupree
                                        1125 Grand Blvd., Suite 210
                                        Kansas City, Missouri 64106
                                        Tel: 816. 521.0773
                                        Fax: 816.474.7013
                                        dupree@adupreelaw.com
                                        Missouri Bar No.: 56313

The Law Offices of Harry M. Daniels, LLC

/s/Harry M. Daniels
Harry M. Daniels
4751 Best Rd. Suite 490
College Park, GA 30037
Tel. 678.664.8529
Fax. 800.867.5248
daniels@harrymdaniels.com

(*Pending Pro Hac Vice*)

Burris Nisenbaum Curry & Lacy

/s/John L. Burris
John L. Burris
7677 Oakport St # 1120
Oakland, CA 94621
Tel. 510.839.5200
john.burris@johnburrislaw.com

(*Pending Pro Hac Vice*)

The Law Firm of Henry Tanner LLC

/s/ Henry Tanner
Henry Tanner MO 66277
1423 E. 49th Terrace
Kansas City, MO 64110
Tel. 816.547.2162
Fax. 816.393.0338
henry@htannerlaw.com